EDWARD BRIAN CAPELLO, Appellant

No. 72,316     v.                                   HARRIS County

THE STATE OF TEXAS

## CONCURRING AND DISSENTING OPINION

As stated in McGinn v. State, 961 S.W.2d 161, ___ (Tex.Cr.App. 1998), Overstreet, J., concurring and dissenting, I dissent to the majority's refusal to conduct a factual sufficiency review of the sufficiency of the evidence to support the jury's answer to the future dangerousness special issue. As I noted in McGinn, a true application of the Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) legal sufficiency standard of review requires viewing the evidence in the light most favorable to the jury's finding and would thus result in each and every future dangerousness finding being upheld; the facts of any capital murder, when viewed in that requisite Jackson v. Virginia light, would be sufficient. When viewed in that most favorable light, no jury would be irrational in concluding that someone who has committed any capital murder would be a future danger, i.e. that there is a reasonable probability that that person would commit acts of criminal violence that would constitute a continuing threat to society. Thus our appellate "review" would simply be a rubber stamp of the jury's future dangerousness finding.

I also note that in line with its legal sufficiency review under the Jackson standard, the majority doesn't mention much of appellant's favorable evidence that was presented at trial. And for good reason, since the majority is viewing the evidence in the

requisite <u>Jackson</u> standard for reviewing legal sufficiency, i.e. in the light most favorable to the jury's finding. Viewing the evidence in such a light, obviously appellant's favorable, even mitigating, evidence should be disregarded because such evidence is not supportive of the jury's finding. Under the <u>Jackson</u> standard, all evidence which is not supportive of the jury's finding must be disregarded. That is precisely why a factual sufficiency review must be done - to provide meaningful appellate review of a death sentence to ensure that "the death penalty is not imposed arbitrarily or irrationally." <u>Parker v. Dugger</u>, 498 U.S. 308, 321, 111 S.Ct. 731, 739, 112 L.Ed.2d 812, ___ (1991).

I also point out that in response to <u>Penry v. Lynaugh</u>, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), our Legislature enacted a mitigation special issue which allows jurors to respond and give effect to mitigating evidence such that a life sentence is imposed. I find it rather perverse that while a sentencing jury is authorized by statute to give weight to mitigating evidence, this Court blindly refuses to review the jury's decision when we are authorized to do so or in the alternative are not precluded from doing so.

This appellant has asked us to review the jury's decision using two separate and distinct standards and we turn our backs to such a request. If the United States Supreme Court says a jury should consider mitigation evidence, should not the reviewing Court? I am concerned that our failure to do so contradicts the logical extensions of <u>Penry</u>.

For these reasons and those expressed in my opinion in <u>McGinn</u>, <u>supra</u>, I dissent to the majority's treatment of point of error number two, but concur to its holding as to legal sufficiency in point number one.

                    OVERSTREET, JUDGE

Delivered: May 6, 1998

Do not publish

Capetillo - 11

Finding no reversible error, we affirm the conviction and sentence of the trial court.

Per Curiam

(Delivered May 6, 1998)
En Banc
Do Not Publish

Baird, J., dissents to the disposition of appellant's first point of error for the reasons stated in *Wilkerson v. State*, 881 S.W.2d 321 (Tex.Cr.App. 1994) (Baird, J., dissenting), and dissents to the disposition of appellant's second point of error for the reasons stated in *McGinn v. State*, 961 S.W.2d 161 (Tex.Cr.App. 1998) (Baird, J., concurring and dissenting).