U.S. Southern District of Texas
FILED
MAY 18 1998

Michael N. Milby, Clerk of Court



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
BROWNSVILLE DIVISION

EDWARD BRIAN CAPETILLO          §     TEX.CRIM.APP.# 72 316
                                §
                                §     TO BE FILED BEFORE THE
                                §     SUPREME COURT OF THE
                                §     UNITED STATES
VS.                             §
                                §
                                §     178TH JUDICIAL DISTRICT, HARRIS
                                §     TRIAL CT. #  711115
STATE OF TEXAS                  §

## SUPPLEMENTAL MOTION REQUESTING APPOINTMENT OF COUNSEL TO SEEK CERTIORARI IN THE SUPREME COURT OF THE UNITED STATES

Mr. Warner supplements his Motion Requesting Appointment of Counsel to Seek Certiorari in the Supreme Court of the United States as follows:

The Court has the power to appoint counsel to seek Certiorari in the Supreme Court of the United States.

1. Mr. Warner represents to the Court that Capetillo is indigent. He will further supplement this Motion with an affidavit from Capetillo. Additionally Mr. Warner represents that he has spoken with counsel appointed by the Court of Criminal Appeals of Texas to represent Capetillo on an Application for Post Conviction Writ pursuant to TEX. CODE CRIM. PROC. 11.071. So, the fact that the Court of Criminal Appeals of Texas has found Capetillo indigent is some evidence of his indigence.

2. The statute and the cases interpreting it indicate that the Court has the power to appoint counsel to seek Certiorari in the Supreme Court of the United States.

TITLE 18. CRIMES AND CRIMINAL PROCEDURE
PART II. CRIMINAL PROCEDURE
CHAPTER 201. GENERAL PROVISIONS

18 USCS § 3006A (1998)

§ 3006A.  Adequate representation of defendants

(a) Choice of plan.  Each United States district court, with the approval of the judicial council of the circuit, shall place in operation throughout the district a plan for furnishing representation for any person financially unable to obtain

adequate representation in accordance with this section. Representation under each plan shall include counsel and investigative, expert, and other services necessary for adequate representation. Each plan shall provide the following:

    (1) Representation shall be provided for any financially eligible person
who--

    (A)    is charged with a felony or a Class A misdemeanor;

    (B)  is a juvenile alleged to have committed an act of juvenile delinquency as defined in section 5031 of this title;

    C    is charged with a violation of probation;

    (D)    is under arrest, when such representation is required by law;

    (E)  is charged with a violation of supervised release or faces modification, reduction, or enlargement of a condition, or extension or revocation of a term of supervised release;

    (F)  is subject to a mental condition hearing under chapter 313 of this title [ <=1> 18 USCS @@ 4241 et seq.];

    (G)  is in custody as a material witness;

    (H) is entitled to appointment of counsel under the sixth amendment to the Constitution

The statute contemplates appointment of counsel to seek certiorari because it provides for payment of counsel who are appointed to do so:

TITLE 18. CRIMES AND CRIMINAL PROCEDURE
PART II. CRIMINAL PROCEDURE
CHAPTER 201. GENERAL PROVISIONS

18 USCS § 3006A (1998)

§ 3006A.  Adequate representation of defendants

    ... shall be deemed to initiate a new case.
    (7) Proceedings before appellate courts. If a person for whom counsel is
appointed under this section appeals to an appellate court or petitions for a
writ of certiorari, he may do so without prepayment of fees and costs or
security therefor and without filing the affidavit required by section 1915(a)
of title 28.

    Mr. Warner has and does represent to the Court that his client is indigent.  Client wishes to present a petition for certiorari to the Supreme Court of the United States.  The Motion for Appointment of Counsel to Seek Certiorari is in discharge of his responsibility

to his client:

"Counsel has same responsibility to his client as retained
counsel to file
    petition or to withdraw from case in time for client to retain
    another lawyer to
    file petition if client insists upon filing of petition for
certiorari.
    Self v United States (1978, CA6 Tenn) 574 F2d 363,  cert  den
(1978)
        439 US 896, 58 L Ed 2d 242, 99 S Ct 257."

Counsel seeks the Court's aid in securing an attorney for his
client before the Supreme Court:

    Under plan adopted pursuant to Criminal Justice Act, counsel
must file
    petition for  certiorari  in Supreme Court when requested to
do so.
    United States v James (1993, CA5 Miss) 990 F2d 804.

    The Court should use the power it has to appoint counsel in
this case.  Capetillo is indigent, has been sentenced to death ,
and has a viable issue to present to the Supreme  Court.

        1.   Capetillo is indigent, as noted above.

        2.   Capetillo was sentenced to death. Capetillo v.
             State, ___ SW2d ___ (Tex.        Crim. App.   #
             72-316, 5 6 98)

        3.   The dissenting judges in Capetillo's case, like
             those in

             1. McGINN v. STATE, NO. 72,134, COURT OF CRIMINAL
             APPEALS OF TEXAS, 961 S.W.2d 161; 1998 Tex. Crim.
             App. LEXIS 8,  January 21, 1998, Delivered, As
             Corrected January 21, 1998.


    Noted the right that Appellant seeks to protect , " However,
I  dissent  to the majority's failure to reach the merits of
appellant's first and seventh pointsof error which contend the
evidence is insufficient to support the jury's answers to the
punishment issues of Tex. Code Crim. Proc. Ann.art. 37.071.

    I.For the reasons stated in Morris v. State, 940 S.W.2d 610,
621 (Tex.Crim. App. 1996) (BAIRD and Overstreet, JJ., dissenting),
I would hold the future dangerousness punishment issue of art.
37.071, § 2(b)(1) is subject to a  factual sufficiency review....
In light of the majority's  resolution of these points of error,
and our decision in   Martinez v. State, 924 S.W.2d 693, 694-98
(Tex.   Crim. App.1996), this Court now provides no meaningful
appellate review of the punishment  issues of art. 37.071. The

failure to do so <u>violates the Eighth Amendment</u>." McGinn at 161

The dissenters went on to refer to decisions of the Supreme Court on meaningful appellate review:

"In    Clemons v. Mississippi, 494 U.S. 738, 110 S. Ct. 1441, 108 L. Ed.
2d 725 (1990), the Supreme Court spoke at length about the necessity of
meaningful appellate review.   The Court noted that the process of appellate
courts reweighing of evidence was consistent with the pursuit of the Eighth
Amendment's twin objectives of measured, consistent application of the death
penalty and fairness to the accused.   Id., 494 U.S. at 748, 110 S. Ct.
at 1448 (citing Eddings, supra; and, Lockett, supra). The Court pointedly noted
that failure to perform meaningful appellate review would result in an autamatic rule of affirmance that would be invalid under Lockett, supra, and
Eddings, supra.   Clemons, 494 U.S. at 752, 110 S. Ct. at 1450. See also,    Parker v. Dugger, 498 U.S. 308, 321-322, 111 S. Ct. 731, 739-740, 112L. Ed. 2d   812 (1991) (Appellate review of mitigating evidence by the    Florida Supreme Court was so deficient as to be arbitrary.)."

4. Capetillo has a viable complaint about lack of meaningful review. He   complained before the Tex. Crim. App. about the sufficiency of the evidence
on future dangerousness. Mr. Warner even asked to intervene and to appear in
McGinn's case as a friend of the Court to address meaningful appellate
review and the Eighth Amendment. The only evidence of future dangerousness
in Capetillo's case came from a paid informer, a five-time felon, who recanted
his testimony and said that the police threatened him in order to obtain it.
(Appellant's brief, Tex. Crim. App.)

## CONCLUSION AND REQUEST FOR RELIEF
The Court has the power to appoint counsel since Capetillo is indigent and has been sentenced to death. It ought to use that power in this case because of those factors as well as that he has a viable issue to present to the Supreme Court.

RESPECTFULLY SUBMITTED,

Larry Warner-Attorney At Law
777 E. Harrison Street, 2nd Floor

Brownsville, Texas 78520
(956)542-4784 *** (956)544-5234 fax
State Bar #20871500

AFFIDAVIT

I, Larry Warner, certify that I mailed a true and correct copy for SUPPLEMENTAL MOTION REQUESTING APPOINTMENT OF COUNSEL TO SEEK CERTIORARI IN THE SUPREME COURT OF THE UNITED STATES, the document to which this certificate is attached, to:

John B. Holmes, Jr., Harris County District Attorney, whose ddress is 201 Fannin Street, Ste. 200, Houston, Texas 77002-1901 and Mervin Mosbacker, Assistant U.S. Attorney, 1036 E. LEVEE, P.O.BOX 1671, BROWNSVILLE, TEXAS 78522.

on this 13h  day of May, 1998.

Larry Warner

SUBSCRIBED AND SWORN TO  BEFORE ME on the 13th day of May, 1998.

DIANA FUENTES CONNER
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS.
MY COMMISSION EXPIRES:
JUNE 09TH, 1998