# EXHIBIT 'A'

FILE COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 18 1998

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| EDWARD BRIAN CAPETILLO | § § § § § § § § | TEX.CRIM.APP.# 72 316 |
| | | TO BE FILED BEFORE THE SUPREME COURT OF THE UNITED STATES |
| VS. | | |
| | | |
| STATE OF TEXAS | | 178TH JUDICIAL DISTRICT, HARRIS TRIAL CT. # 711115 |

**SUPPLEMENTAL MOTION REQUESTING APPOINTMENT
OF COUNSEL TO SEEK CERTIORARI
IN THE SUPREME COURT OF THE UNITED STATES**

Mr. Warner supplements his Motion Requesting Appointment of Counsel to Seek Certiorari in the Supreme Court of the United States as follows:

**The Court has the power to appoint counsel to seek Certiorari in the Supreme Court of the United States.**

1. Mr. Warner represents to the Court that Capetillo is indigent. He will further supplement this Motion with an affidavit from Capetillo. Additionally Mr. Warner represents that he has spoken with counsel appointed by the Court of Criminal Appeals of Texas to represent Capetillo on an Application for Post Conviction Writ pursuant to TEX. CODE CRIM. PROC. 11.071. So, the fact that the Court of Criminal Appeals of Texas has found Capetillo indigent is some evidence of his indigence.

2. The statute and the cases interpreting it indicate that the Court has the power to appoint counsel to seek Certiorari in the Supreme Court of the United States.

TITLE 18. CRIMES AND CRIMINAL PROCEDURE
    PART II. CRIMINAL PROCEDURE
        CHAPTER 201. GENERAL PROVISIONS

18 USCS § 3006A (1998)

§ 3006A. Adequate representation of defendants

FILE COPY

(a)   Choice of plan. Each United States district court, with the approval of the judicial council of the circuit, shall place in operation throughout the district a plan for furnishing representation for any person financially unable to obtain adequate representation in accordance with this section.
Representation under each plan shall include counsel and investigative, expert, and other services necessary for adequate representation. Each plan shall provide the following:

(1) **Representation shall be provided for any financially eligible person who--**
   (A)   is charged with a felony or a Class A misdemeanor;
   (B)   is a juvenile alleged to have committed an act of juvenile delinquency as defined in section 5031 of this title;
   (C)   is charged with a violation of probation;
   (D)   is under arrest, when such representation is required by law;
   (E)   is charged with a violation of supervised release or faces modification, reduction, or enlargement of a condition, or extension or revocation of a term of supervised release;
   (F)   is subject to a mental condition hearing under chapter 313 of this title [ <=1> 18 USCS @@ 4241 et seq.];
   (G)   is in custody as a material witness;

   (H)   **is entitled to appointment of counsel under the sixth amendment to the Constitution**

**The statute contemplates appointment of counsel to seek certiorari because it provides for payment of counsel who are appointed to do so:**

TITLE 18. CRIMES AND CRIMINAL PROCEDURE
PART II. CRIMINAL PROCEDURE
CHAPTER 201. GENERAL PROVISIONS

18 USCS § 3006A (1998)

§ 3006A. Adequate representation of defendants... shall be deemed to initiate a new case.
 (7) Proceedings before appellate courts. If a person for whom counsel is appointed under this section appeals to an appellate court or petitions for a writ of certiorari, he may do so without prepayment of fees and costs or security therefor and without filing the affidavit required by section 1915(a) of title 28.

   Mr. Warner has and does represent to the Court that his client is indigent. Client wishes to present a petition for certiorari to the Supreme Court of the United States. The Motion for Appointment of Counsel to Seek Certiorari is in discharge of his responsibility to his client:

"Counsel has same responsibility to his client as retained counsel to file petition or to withdraw from case in time for client to retain another lawyer to file petition if client insists upon filing of petition for certiorari.
  **Self v United States** (1978, CA6 Tenn) 574 F2d 363, cert den (1978) 439 US 896, 58 L Ed 2d 242, 99 S Ct 257."

Counsel seeks the Court's aid in securing an attorney for his client before the Supreme Court:

  Under plan adopted pursuant to Criminal Justice Act, counsel must file petition for certiorari in Supreme Court when requested to do so.
  **United States v James** (1993, CA5 Miss) 990 F2d 804.

**The Court should use the power it has to appoint counsel in this case. Capetillo is indigent, has been sentenced to death, and has a viable issue to present to the Supreme Court.**

1. Capetillo is indigent, as noted above.

2. Capetillo was sentenced to death. **Capetillo v. State,** ___ SW2d ___ (Tex. Crim. App. # 72-316, 5 6 98)

3. The dissenting judges in Capetillo's case, like those in

   1. McGINN v. STATE, NO. 72,134, COURT OF CRIMINAL APPEALS OF TEXAS, 961 S.W.2d 161; 1998 Tex. Crim. App. LEXIS 8, January 21, 1998, Delivered, As Corrected January 21, 1998.

   Noted the right that Appellant seeks to protect, " However, I dissent to the majority's failure to reach the merits of appellant's first and seventh pointsof error which contend the evidence is insufficient to support the jury's answers to the punishment issues of Tex. Code Crim. Proc. Ann.art. 37.071.

   I. For the reasons stated in **Morris v. State,** 940 S.W.2d 610, 621 (Tex.Crim. App. 1996) (BAIRD and Overstreet, JJ., dissenting), I would hold the future dangerousness punishment issue of art. 37.071, § 2(b)(1) is subject to a factual sufficiency review.... In light of the majority's resolution of these points of error, and our decision in **Martinez v. State,** 924 S.W.2d 693, 694-98 (Tex.Crim. App.1996), this Court now provides <u>no meaningful appellate review</u> of the punishment issues of art. 37.071. The failure to do so <u>violates the Eighth Amendment</u>." **McGinn** at 161

The dissenters went on to refer to decisions of the Supreme Court on meaningful appellate review:

"In **Clemons v. Mississippi**, 494 U.S. 738, 110 S. Ct. 1441, 108 L. Ed.2d 725 (1990), the Supreme Court spoke at length about the necessity of meaningful appellate review. The Court noted that the process of appellate courts reweighing of evidence was consistent with the pursuit of the Eighth Amendment's twin objectives of measured, consistent application of the death penalty and fairness to the accused. Id., 494 U.S. at 748, 110 S. Ct. at 1448 (citing Eddings, supra; and, Lockett, supra). The Court pointedly noted that failure to perform meaningful appellate review would result in anautomatic rule of affirmance that would be invalid under Lockett, supra, and Eddings, supra. Clemons, 494 U.S. at 752, 110 S. Ct. at 1450. See also, Parker v. Dugger, 498 U.S. 308, 321-322, 111 S. Ct. 731, 739-740, 112L. Ed. 2d 812 (1991) (Appellate review of mitigating evidence by the Florida Supreme Court was so deficient as to be arbitrary.)."

4.    Capetillo has a viable complaint about lack of meaningful review. He complained before the Tex. Crim. App. about the sufficiency of the evidence on future dangerousness. Mr. Warner even asked to intervene and to appear in McGinn's case as a friend of the Court to address meaningful appellate review and the Eighth Amendment. The only evidence of future dangerousness in Capetillo's case came from a paid informer, a five-time felon, who recanted his testimony and said that the police threatened him in order to obtain it. (Appellant's brief, Tex. Crim. App.)

### CONCLUSION AND REQUEST FOR RELIEF

The Court has the power to appoint counsel since Capetillo is indigent and has been sentenced to death. It ought to use that power in this case because of those factors as well as that he has a viable issue to present to the Supreme Court.

RESPECTFULLY SUBMITTED,

Larry Warner-Attorney At Law
777 E. Harrison Street, 2nd Floor
Brownsville, Texas 78520
(956)542-4784 *** (956)544-5234 fax
State Bar #20871500

### AFFIDAVIT

I, Larry Warner, certify that I mailed a true and correct copy for SUPPLEMENTAL MOTION REQUESTING APPOINTMENT OF COUNSEL TO SEEK CERTIORARI IN THE SUPREME COURT OF THE UNITED STATES, the document to which this certificate is

attached, to:

John B. Holmes, Jr., Harris County District Attorney, whose ddress is 201 Fannin Street, Ste. 200, Houston, Texas 77002-1901 and Mervin Mosbacker, Assistant U.S. Attorney, 1036 E. LEVEE, P.O.BOX 1671, BROWNSVILLE, TEXAS 78522.

on this 13h day of May, 1998.

                                              Larry Warner

SUBSCRIBED AND SWORN TO BEFORE ME on the 13th day of May, 1998.

                                      DIANA FUENTES CONNER
NOTARY PUBLIC IN AND FOR
THE STATE OF <u>TEXAS</u>.
MY COMMISSION EXPIRES:
JUNE 09TH, 1998

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDWARD BRIAN CAPETILLO | § § § § § § § § § | TEX.CRIM.APP.# 72 316 <br><br> TO BE FILED BEFORE THE SUPREME COURT OF THE UNITED STATES <br><br><br> 178TH JUDICIAL DISTRICT, HARRIS TRIAL CT. # 711115 |
| VS. | | |
| STATE OF TEXAS | | |

**ORDER SETTING HEARING**

The following matter is set for a hearing to be had on the ___ day of ___, 1998, at _____ o'clock a.m.:

Signed this ____ day of ___, 1998

_____
UNITED STATES DISTRICT JUDGE PRESIDING

**O R D E R**

BE IT REMEMBERED, that on the _____ day of _____, 1998, came on to be considered the above and Foregoing SUPPLEMENTAL MOTION REQUESTING APPOINTMENT OF COUNSEL TO SEEK CERTIORARI IN THE SUPREME COURT OF THE UNITED STATES by defendant.

After consideration of the same, it is the opinion of the Court that the same be:

( )    GRANTED.

( )    DENIED, to which ruling the Defendant excepts.

( )    SET FOR HEARING ON THE _____ day of _____, 1998, at _____ o'clock ____.

Signed this ____ day of ___, 1998

_____
UNITED STATES DISTRICT JUDGE PRESIDING